[No. 11951. Department One. February 1, 1915.]

G. W. SLATER, *Respondent*, v. J. P. LICH *et al.*, *Appellants.*[1]

APPEAL—REVIEW—HARMLESS ERROR — PLEADINGS. Where, in an action to foreclose a mechanics' lien, the action was fully tried out on the principal issues as to whether plaintiff had performed his contract and what sums were due on the contract price and for extras, and defendants claimed damages, the defendants were not prejudiced by the sustaining of a demurrer to their defense that a clause in the contract required the delivery of receipts for all labor and material, where the clause was ambiguous and it was not shown that any sums unpaid by the contractor were lienable claims against the property.

Appeal from a judgment of the superior court for Whitman county, McCroskey, J., entered November 1, 1913, in favor of the plaintiff, in an action to foreclose a mechanics' lien, after a trial on the merits to the court. Affirmed.

*Chas. L. Chamberlin* and *Chas. P. Lund*, for appellants.

*Neill & Burgunder*, for respondent.

CROW, J.—The defendants, J. P. Lich and Myrtle Lich, his wife, are the owners of certain improved lots in the city of Colfax, in Whitman county. In March, 1913, the plaintiff, G. W. Slater, and the defendant J. P. Lich executed a written building contract, whereby the plaintiff, for the stipulated price of $3,849.60, agreed to furnish the labor and material necessary to construct an addition to a building then on the lots. Plaintiff, claiming that he had completed his contract in accordance with the plans and specifications, that he had also done extra work and had furnished extra material to the total value of $404.50, and that the defendants had paid him only $1,994.70 on the contract price, filed a claim for lien against the building and lots, and commenced this action to foreclose such lien. After issue joined and after trial, the trial judge, without making findings of fact, en-

[1] Reported in 145 Pac. 996.

tered a decree in plaintiff's favor for $1,881.90; $200 attorney's fees and costs; and for the foreclosure of the lien. From this decree, the defendants have appealed.

Appellants' first assignment is that the trial judge erred in sustaining respondent's demurrer to their second affirmative defense. The allegations of their answer predicate this defense upon clause four of the building contract, which reads as follows:

"When the building is finished as per all plans, specifications and contract, a turnkey, broom cleaned job and upon the presentation of all receipts for all money paid out by said Slater for work done on the job, and for all material furnished by any and all parties, and every transaction closed up and accepted by any and all parties in a satisfactory and business way, then said J. P. Lich is to pay G. W. Slater the remainder of the contract price to be paid for said job."

After pleading this clause, appellants alleged that the respondent had contracted debts for materials used in the construction of the building to the Potlatch Lumber Company in the sum of $1,037, to one P. F. Chadwick in the sum of $800, and to one J. O. Housekeeper in the sum of $100; that respondent had not made payments thereof; that he had not presented receipts for any payments thereof, and that he was not entitled to maintain this action.

Upon consideration of clause four of the contract above quoted, we must confess that we find it somewhat ambiguous. If it makes any provision at all, it is that the respondent should present to appellant receipts for all bills *paid* by him for labor performed and materials furnished in the progress of the work. There is no allegation that this was not done. The clause did not provide that respondent should pay all bills as a condition precedent to the recovery of any balance due him on the contract. There is no allegation that the materialmen named had complied with the requirements of 3 Rem. & Bal. Code, § 1133, by delivering or mailing notices and statements to appellant. In the absence of this

allegation, the answer did not show that the amounts due the materialmen were for lienable items. If they were not, neither appellants nor their property could be held for their payment. There is no suggestion that these materialmen were seeking to obtain or enforce liens against appellants' property. Although the demurrer was sustained to the second affirmative defense, the action was fully tried upon its merits and upon other defenses pleaded. The issues tried were, whether respondent had performed his contract and what sums were due him on the contract price and for extras. Appellants, by other affirmative defenses, claimed damages for respondent's alleged failure to complete the contract and for his negligence in its performance. These issues were also tried. Considering this condition of the record, we fail to see how appellants have been prejudiced by the order sustaining the demurrer, whatever may have been the meaning or correct interpretation of clause four of the contract.

The remaining assignments of error involve a consideration of the evidence introduced by the respective parties for the purpose of sustaining their respective claims. This evidence was conflicting and voluminous, and no good purpose would be served by an attempt to state it in detail. The trial court found the amount due respondent to be less than he claimed, but awarded him a judgment in excess of the sum which appellants in effect conceded to be due. We are unable to say that this result is not supported by the evidence. After an examination of the record, we conclude that the final judgment should not be disturbed. It will therefore be affirmed.

MAIN, ELLIS, and PARKER, JJ., concur.